WILLIAM H. BEATTY, RESPONDENT, v. PENNSYLVANIA-READING SEASHORE LINES, A CORPORATION, APPELLANT.

Argued October 5, 1937—Decided December 1, 1937.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the appellant, *Thompson & Hanstein.*

For the respondent, *Garrison & Weaver.*

The opinion of the court was delivered by

PARKER, J. Shortly after seven A. M. on May 23d, 1934, the plaintiff, a police sergeant of Atlantic City, was on patrol duty in the neighborhood of a terminal of the defendant company on the north side of Atlantic avenue between Tennessee avenue on the east and New York avenue on the west. He had instructions, according to the testimony, to keep a lookout for thieves and marauders at the terminal. Entering the station yard from the north, he observed certain suspicious looking persons, called to them, they ran, he pursued, and presently tripped over some hose which was on a platform, and sustained injury for which he brought the present suit against the company. Motions to nonsuit and to direct a

verdict for defendant were denied, and verdict and judgment went in his favor. The present appeal followed.

The case was rather loosely tried, and at the argument, no brief for the plaintiff was presented. The principal points made for appellant were denial of motions to nonsuit and to direct for defendant, refusals to charge, and alleged error in parts of the charge. The plaintiff claimed to have been on defendant's premises by invitation; while defendant claimed that he was a mere licensee and that in consequence no duty of care existed. The court seemed to entertain the view that he might be found by the jury to have been a trespasser; but we think the evidence did not support this, for concededly, the practice had been for police officers to watch the yard, where acts of theft had occurred with some frequency. On this phase the real question was whether plaintiff was in a legal sense invited to enter the yard in the performance of duty, or was merely licensed to do so. The evidence for plaintiff tended to show that an employe of the defendant having jurisdiction over the yard had specifically requested police protection; and this evidence was sufficient to permit a finding of invitation. Hence motions to nonsuit and direct on the theory of mere license were properly denied.

We think, however, that the definition of negligence given by the court was so ambiguous and obscure as to amount to legal error and call for a reversal. It reads as follows: "More simply defined, negligence is the commission of some act or the failure to perform some act which a person of ordinary prudence, using reasonable judgment, having regard to the legal duties upon him at the time, and having regard to the circumstances of the situation, would or would not do, as the case may be, and which results immediately and in natural and ordinary sequence in an injury to another."

The language of this instruction very closely resembles an instruction that is to be found in the case of *Krause* v. *Katz, Inc.*, 14 *N. J. Mis. R.* 425, in which this court said: "The objection is that this presentation is involved and confusing and that literally it is not a correct statement of the law of contributory negligence. We think that the point was well

made. The form in which the charge is phrased, as well as the substance of the matter, seems to us not only to lack clarity but, when given correct and usual grammatical construction, to be an incorrect statement of the law." The same is to be said of the instruction under review. There is a slight difference in the critical language, which in the present case reads, "would or would not do, as the case may be;" but this really does not help matters; for the instruction begins with the alternative between the commission of an act and the failure to perform some act, in that order. Now the alternative of "would or would not do" is in precisely the reverse order. The grammatical result, therefore, is that the instruction may, and indeed should be, fairly interpreted as reading, "the commission of some act which a person of ordinary prudence, &c., would do or the failure to perform some act which such person would not do." A jury cannot be legally expected to reverse one of the alternatives in order to make it fit the other.

There are other alleged errors assigned and argued, but we find it unnecessary to deal with them as the judgment must be reversed, and the case go back for a re-trial on this ground alone without reference to the others.

The judgment will therefore be reversed, to the end that a *venire de novo* be awarded.